IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT JAMES SWINT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JASON ROBERT STONE, Swent;<br><br>　　　　Defendant. | 8:23CV336<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Plaintiff's, Robert James Swint's, Complaint filed on August 3, 2023. Filing No. 1. Swint, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Swint's claims pursuant to 28 U.S.C. § 1915(e)(2).

## I.　SUMMARY OF COMPLAINT

Swint's Complaint consists entirely of the following hand-written narrative, as best as the Court can discern:

Complaint

Jason Stone seems to think he can run around telling everybody that his name is Robert Swent, and thats fine, halfway that is his name I guess so when it comes down to it, at best he's only 50% correct because when the system is 66 2/3 at best he would be 33 1/3 at all times. So if two people left this world behind, like say forgot about themselves 100%, weather [sic] it was from helping others or violations we could see why normally the [illegible] whose concious [sic] would almost come to life, and the concious [sic] would be the factor, one side figures everything out on its own, it calculates, it decides, the other goes just solely on what its told and nothing else, these two together form a complete side for both one just goes to concious [sic], And one goes to Unconscious or TRL/U.S.. Then through either mental contact in person which lets you together as a choice and together as one go through and [illegible] different parts of the body together basically saying, I configure you, except it would be you touching through someone else essentially.

7/28/23<br>JAMES DREAM [illegible]

Filing No. 1 at 1–2.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

Swint sues Jason Robert Stone aka Swent for unknown causes of action seeking unknown relief. The Court analyzes Swint's Complaint and determines summary dismissal is appropriate.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. See, e.g., *Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other procedural

requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017). The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 Fed. App'x 644, 645 (8th Cir. 2012) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994)).

Swint's Complaint does not comply with the Rule 8 standards. It does not explain the claims Swint wishes to pursue or the relief he seeks. It is not simple, concise, or direct. And, perhaps most fatally to his Complaint, it does not satisfy Rule 8 as to the grounds for the Court's jurisdiction. Swint does not reference or allude to any federal statutory or constitutional basis for his claims. "While the pleading standards are not intended to be onerous on plaintiffs, defendants and courts are not required to scour the federal code to locate applicable statutes and jurisdictional bases that a plaintiff may or

3

may not be invoking.  Plaintiff, therefore, must clearly identify a federal statute or other appropriate legal authority that supports the legal claim or claims giving rise to this suit." *Lane v. City of Lee's Summit*, No. 4:21-00437-CV-JAM, 2021 WL 5311330, at *2 (W.D. Mo. Nov. 15, 2021).  Swint fails to do so here.

### IV. CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's Complaint fails to comply with the Federal Rules of Civil Procedure and is subject to preservice dismissal pursuant to 28 U.S.C. § 1915(e)(2).

IT IS ORDERED:

1. The Complaint, Filing No. 1, is dismissed without prejudice.
2. The Court will enter a separate judgment.

Dated this 27th day of May, 2025.

                                          BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Senior United States District Judge